[No. 22096. Department Two. April 17, 1930.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE MOORE *et al., Appellants.*[1]

*C. T. McKinney* and *Clarence R. Anderson,* for appellants.

*Charles R. Denney,* for respondent.

MAIN, J.—Fred Owens and George Moore were by information charged with unlawfully opening up, conducting and maintaining a place for the sale of intoxicating liquor. The trial resulted in a verdict of guilty as to both defendants, and. from the judgment and sentence they appeal.

From the evidence introduced upon the trial, the jury had a right to find the following facts: Jungle Temple No. 2, a roadhouse located on the Seattle-Everett highway in Snohomish county about one mile north of the boundary line between that county and King county, was the place that the appellants were charged with unlawfully opening up, conducting and maintaining. Owens was the manager and Moore the head waiter. On the night of September 23, 1928, the officers went to Jungle Temple No. 2, and. a bottle of

[1]Reported in 287 Pac. 22.

intoxicating liquor was purchased from Moore. At this time Owens was there also. There were a number of people in the place drinking liquor, some of whom were intoxicated and boisterous. The officers found in the basement twelve one-half pints of Scotch whiskey and two or three one quart bottles. Under the stairway leading to the balcony, they found a small cache of liquor. Owens had the key to the safe, and after the money therein had been taken out and counted and returned to him, he gave the officers a receipt therefor. The appellants were both arrested, charged and a trial resulted as above stated.

It is first contended that the trial court erred in refusing to give two instructions requested by the appellants. The instructions given clearly and concisely covered the case and definitely told the jury what it was necessary for them to find before they could return a verdict of guilty. Even though the requested instructions might have properly been given, there was no prejudicial error in refusing them.

It is next contended that the evidence was not sufficient as to Owens to take the case to the jury. In addition to the facts above stated, Owens, on the evening of the arrest, stated to the officers that he was the manager; and in response to a statement that it looked like he had made a mistake, replied, "It sure does." There was clearly sufficient evidence to take the case to the jury as to both appellants.

It is also claimed that the court erred in certain rulings on the admission and rejection of evidence. We have considered the rulings complained of and in our opinion the trial court made no error in either refusing or admitting evidence.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, HOLCOMB, and TOLMAN, JJ., concur.